UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HUMBERTO LOPEZ PEREZ, | ) | Case No. 1:02-CR-413 |
| | ) | 1:06-CV-1403 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| | ) | |

Before the court is *pro se* petitioner Humerto Lopez Perez's ("Perez") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Dkt. 83], as well as the defendant United State of America's (the "government") response in opposition [Dkt. 86] and Perez's reply [Dkt. 87]. For the following reasons, the court denies Perez's motion for relief. Further, because he has not made a substantial showing of the denial of any constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B), that an appeal from this order would not be well-taken.

**I.  BACKGROUND**

On October 2, 2002, a federal grand jury in the Northern District of Ohio returned a two-count indictment charging Perez with (1) conspiracy to possess with intent to distribute in exess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute in excess of 500 grams but less than 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1).

On March 6, 2003, Perez entered into an agreement wherein he agreed to plead guilty to Count 2 of the indictment. Perez also stipulated that 4,974 grams of cocaine were attributable to him and that his base offense level under the Sentencing Guidelines is 30. The parties also stipulated that Perez was an organizer or leader of a criminal activity involving five or more participants, raising

his base offense level to 34. Finally, the parties agreed that Perez's base level offense would be reduced by three levels for acceptance of responsibility, resulting in an adjusted base level of 31. In the plea agreement, Perez also acknowledged that the government had filed notice setting forth a prior felony drug conviction and invoking penalty enhancements pursuant to 21 U.S.C. § 841(b).

Perez also waived his rights to appeal, including any rights conferred pursuant to 28 U.S.C. § 2255. The waiver contained in the plea agreement reads as follows:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory minimum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

[Dkt. 86, Exh. B, at 7].

At the sentencing hearing on May 22, 2003, this court sentenced Perez to as statutory mandatory minimum sentence of 120 months incarceration, as well as four years of supervised release. Perez did not directly appeal his conviction or sentence.

On June 7, 2006, Perez filed the instant petition, asserting multiple reasons for collaterally attacking his sentence, including ineffective assistance of counsel and entrapment by Drug Enforcement Agency Agent Lee Lucas ("Lucas"). The government contends that Perez is not entitled to relief because his motion is untimely and because he waived his right to collaterally attack his sentence in his plea agreement.

## II. STANDARD

Section 2255 of Title 28 of the United States Code, provides that a prisoner who was sentenced by a federal court may file a motion in the "court which imposed the sentence to vacate, set aside, or correct the sentence." *Hill v. United States*, 368 U.S. 424, 426 (1962). One is entitled to relief under that section if he or she can show: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." *Id.* In order to prevail on such a motion, the petitioner must demonstrate the grounds for relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

"[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). "A Petitioner's 'allegations of prejudice must be specific, concrete, and supported by the evidence – vague, speculative, or conclusory allegations will not suffice.'" *Savoca v. United States,* Case No. 1:06-CV-1747, 2008 WL 906122 (N.D. Ohio 2008) (quoting *United States v. Fuesting*, 845 F.2d 664, 669 (7th Cir. 1988).

### A. Timeliness

Section 2255 provides a one-year statute of limitations, which is measured from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

### B. Valid Waiver

The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The court in *Acosta*, however, emphasized the difference between claims that collaterally attack a conviction or sentence from those that go to the validity of the guilty plea. *Id.* Waivers pursuant to a plea agreement are not enforceable when the defendant successfully argues that his plea was not knowing or voluntary or was the product of ineffective assistance of counsel. *Id.*

### C. Ineffective Assistance of Counsel

The Supreme Court of the United States, in the case of *Strickland v. Washington*, clearly established the standard that a petitioner must meet in order to prove ineffective assistance of counsel. The Court stated that a petitioner must establish: (1) that counsel's performance fell below

-4-

an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The performance inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. In making this inquiry, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The petitioner must therefore overcome the presumption that counsel's actions may have been sound strategy.

"Prejudice is demonstrated when there is a reasonable probability that but for counsel's errors, the result would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* at 694. A court need not address these prongs in any particular order, nor must a court address both if the defendant makes an insufficient showing on one. *Id.* at 697.

**III. DISCUSSION**

This court finds that Perez has not met this burden of showing that he is entitled to relief under 28 U.S.C. § 2255 on any of his claims.

**A. Timeliness**

Although Perez's judgment became final on May 22, 2003, his petition was not filed until June 7, 2006. Thus, all of Perez's claims are barred by the one-year statute of limitations under 28 U.S.C. 2255, unless he can show that there exists a new rule of constitutional law made retroactive to his case or that there exists newly discovered evidence. Because he cannot, his claims are barred.

**B.     Valid Waiver**

Perez alleges that the plea agreement, and thus the waiver of his right to appeal, was not entered into voluntarily or knowingly.  As an initial matter, this claim is barred by the one-year limitation on §2255 claims.  Furthermore, Perez has not presented any specific facts which demonstrate that he was pressured into signing the agreement or that he did not understand the agreement.

In fact, all the evidence before this court shows that Perez's waiver was voluntary and knowing.  At the sentencing hearing on May 22, 2003, the court asked a series of questions in order to confirm that Perez's plea was voluntary and knowing.  The court asked Perez if he understood the charges made against him and the possible penalties, and he indicated that he did.  [Transcript of Change of Plea Hearing at 2-3].  Perez indicated that he understood that he was waiving his right to a trial by jury and an appeal.  *Id.* at 3-4.  The court asked Perez if his lawyer or the government had promised him anything to encourage him to plead guilty, and Perez answered in the negative. *Id.* at 9.  Also, the court asked Perez if there had been any threats made by anyone to encourage him to plead guilty, and Perez answered in the negative.  *Id.*  In light of the above, the court concluded at the sentencing hearing that "Mr. Perez understands the nature of the charges against him, and his plea is voluntary and intelligent and that there is a substantial factual basis for the plea."  *Id.* Therefore, this court finds that Perez voluntarily and knowingly entered into his plea agreement and understood the waiver provisions.  Perez has not alleged that the decision to plead guilty itself was the product of ineffective assistance of counsel.

Given that Perez voluntarily and knowingly entered into the plea agreement with effective assistance of counsel, the court finds that the waiver provision is valid.  Thus, even if Perez had filed

a timely petition, he would be bound by his agreement not to challenge his sentence by appeal or a post-conviction § 2255 motion, unless the sentence was the result of ineffective assistance of counsel or prosecutorial misconduct.

### C. Entrapment

Perez argues that he was entrapped by Lucas and the government. This claim is barred by the one-year statute of limitations because it does not rely on any newly discovered evidence. Furthermore, the claim is meritless in light of Perez's valid guilty plea. The Sixth Circuit has found that "[a] voluntary and unconditional plea of guilty generally waives any nonjurisdictional claims that arose before the plea, including the defense of entrapment." *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Accordingly, because this court concluded that Perez entered into a voluntary and unconditional plea of guilty, he also waived the defense of entrapment. It should also be noted that Perez has not alleged that the failure to raise an entrapment defense was the product of ineffective assistance of counsel.

### D. Retroactive Application of Booker

Perez also argues he is entitled to post-conviction relief based on a retroactive application of *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit has rejected this claim as meritless. *United States v. Humphress*, 398 F.3d 855, 857 (6th Cir. 2005) ("Because we conclude that *Booker's* rule does not apply retroactively in collateral proceedings, we find this claim meritless.").

### E. Newly Discovered Evidence

Perez also claims that he received ineffective assistance of counsel. First, Perez alleges that his attorney was ineffective because he failed to appeal the sentence based on newly discovered

tainted evidence associated with Lucas, who worked on the case. Perez also claims that his counsel was ineffective because he failed to appeal the sentence based on excessive time received. Both of these claims, however, fail.

Perez is unable to establish that his counsel was ineffective for failing to appeal the sentence based on newly discovered tainted evidence associated with Lucas. Perez stipulated to the relevant facts in his plea agreement and before this court. The plea agreement provided, in relevant part, as follows:

> 12. The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately outline his readily provable offense conduct and specific offense characteristics:
>
> A. On or about September 6, 2002, in the Northern District of Ohio, Eastern Division, HUMBERTO LOPEZ PEREZ, the Defendant, did knowingly and intentionally possess with intent to distribute approximately 4,974 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance; in violation of Title 21, Sections 841(a)(1) and (b)(1)(B), United States Code.
>
> B. Specifically, on or about September 6, 2002, in the Northern District of Ohio, Eastern Division, the Defendant, HUMBERTO LOPEZ PEREZ, with the assistance of co-defendant Jose Israel Gutierrez, negotiated the sale of approximately five kilograms of cocaine with a DEA undercover agent. PEREZ set the price of the cocaine at $24,000 per kilogram. On that date, co-defendants Antonio Hernandez, Emilio De La Garza and Juan Carlos Gutierrez, drove a Dodge Intrepid from Atlanta, Georgia, to Cleveland, Ohio. This was done at the direction of PEREZ. The vehicle contained approximately five kilograms of cocaine hidden in the gas tank of the car. After the drugs arrived in Cleveland, police arrested PEREZ and recovered 4,974 grams of cocaine. The cocaine was sent to the DEA Laboratory in Chicago, Illinois for analysis. It tested positive for cocaine and weighed 4,974 grams.
>
> C. The Defendant acknowledges that the above outline of his conduct does not set forth each and every fact that the government could prove beyond a reasonable doubt, nor does it encompass all fo the acts which he committed in furtherance of the offense to which he is pleading guilty. Finally, the Defendant states that he is pleading guilty to Count 2 because he is, in fact, guilty of the offense conduct set forth in Count 2.

In addition, the court verified the facts to which Perez stipulated in the plea agreement:

> THE COURT: Did this transaction happen on September 6 of 2002, correct?
>
> THE DEFENDANT: Correct. September 6.
>
> THE COURT: And it was in the Northern District of Ohio, Eastern Division, and you then and together with the assistance of the co-defendants sold approximately 5 kilograms of cocaine to a DEA undercover agent. You sold them to the DEA undercover agent, correct?
>
> THE DEFENDANT: Correct.
>
> THE COURT: You set the price of the cocaine at $24,000 per kilogram?
>
> THE DEFENDANT: Yes, Your Honor that's correct.
>
> THE COURT: And you directed the other defendants to drive a car from Atlanta, Georgia, to Cleveland, and that car included the approximately 5 kilograms of cocaine hidden in the gas tank, correct?
>
> ME. BUTLER: Is that correct? (The defendant and counsel spoke off the record.)
>
> THE COURT: After the drugs arrived in Cleveland you were arrested, and 4,974 grams of cocaine were recovered by the police. Is that correct?
>
> THE DEFENDANT: Yes.  Yes, ma'am.
>
> THE COURT: So do you agree that the government could prove those facts if you went to trial?
>
> THE DEFENDANT: Yes, ma'am.

The facts, as Perez now claims them to be, do not contradict the facts to which he stipulated in his guilty plea or to which he admitted in court.  In his petition, Perez now asserts that Lucas committed perjury and fabricated police reports in his case.  Perez, however, has failed to

specifically assert how Lucas perjured himself or what information Lucas fabricated. Instead, he makes mere conclusory allegations against Lucas that are unsupported by any facts in the record. Perez stated in his petition that he would submit evidence to prove wrongdoing by Lucas and to prove ineffective assistance of counsel, but he has failed to do so. Thus, there is no evidence before this court of any wrongdoing by either Lucas or Perez's attorney in this case.[1] Perez's counsel acted reasonably under the circumstances and was not ineffective for failing to appeal the sentence based on newly discovered evidence according to the first prong of the *Strickland* standard.

Secondly, Perez claims that his counsel was ineffective because he failed to appeal the sentence based on excessive time received. This claim is not dependent on newly discovered information and is barred by the one-year statute of limitations under § 2255. On the merits, Perez's claim still fails because his counsel did not act unreasonably in not appealing. This court imposed a statutory minimum sentence to which Perez voluntarily and knowingly agreed. Perez also voluntarily and knowingly waived his right to appeal his case. Thus, the court further finds that Perez's counsel acted reasonably under the circumstances when he did not appeal the sentence, and thus was not ineffective under the first prong of the *Strickland* standard.

**IV.  CONCLUSION**

For the foregoing reasons, Perez has failed to establish that he is entitled to post-conviction relief pursuant to 28 U.S.C. § 2255. Accordingly, his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Further, because Perez has not made a substantial showing of a violation of a constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c) that an appeal from this order would not be well taken.

---

[1] It is worth noting that Lucas was acquitted of all criminal charges on February 8, 2010. *United States v. Lucas*, Case No. 1:09-cr-00222 (N.D. Ohio, Feb. 8, 2010).

IT IS SO ORDERED.

                                                /s/ *Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** March 31, 2010